IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | |
| SPENCER PETERSON | NO. 02-611 |

**MEMORANDUM**

**Joyner, J.**                                                    **January 6, 2021**

**Introduction**

Spencer Peterson moves for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  He has met the procedural requirements of the statute and we grant the motion because we find: (1) extraordinary and compelling reasons justify reducing the sentence, (2) the applicable sentencing factors under 18 U.S.C. § 3553(a) warrant the reduction, and (3) Mr. Peterson is not a danger to the community as provided in 18 U.S.C. § 3142(g).  See United States v. Doe, No. 20-2650, 2020 WL 6328203, at *1 (3d Cir. Oct. 29, 2020) (per curiam) (finding the district court appropriately considered the defendant's risk of contracting COVID-19, the section 3553(a) sentencing factors, and danger to the community in denying a motion for compassionate release); see also United States v. Nunez, No. CR 17-58-1, 2020 WL 5237272, at *4 (E.D. Pa. Sept. 1, 2020).  We reduce the term of imprisonment to time already served.

**Exhaustion of Administrative Remedies**

Mr. Peterson has satisfied the procedural requirements of filing this motion. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, provides two routes to court: (1) to file a motion after fully exhausting administrative appeals of the Bureau of Prisons' ("B.O.P.") decision not to file a motion, or (2) to file a motion after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In the Third Circuit, a failure to meet the requirements of one or the other of the paths "presents a glaring roadblock foreclosing compassionate release[.]" United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Mr. Peterson meets the requirements because he filed this motion with the court more than thirty days after making his request from the Warden. Mr. Peterson submitted a compassionate release request to the Warden at FCI Cumberland on January 15, 2020. On January 23, 2020, the Warden denied Mr. Peterson's request. Mr. Peterson filed a BP-8 form (informal complaint) on January 23, 2020 and never received a response. Mr. Peterson then filed this instant motion with the Court on March 30, 2020. Mr. Peterson has met the requirements of the statute because he "file[d] the motion thirty days after the warden receive[d] his request." United States v. Harris, 973

F.3d 170, 171 (3d Cir. 2020) (per curiam) (noting the government's concession that, even though the warden denied defendant's request within thirty days, defendant was permitted to file his motion with the court after thirty days passed since submission of the request and that defendant did not need to exhaust the administrative remedy process within B.O.P.); see also United States v. Butler, No. CR 10-612, 2020 WL 5369753, at *2 (E.D. Pa. Sept. 8, 2020) (finding exhaustion of administrative remedies when the defendant filed his motion more than thirty days after requesting compassionate release from his warden, even though he received a denial from the warden after six days). Because Mr. Peterson satisfied the exhaustion requirements, we consider the merits of the motion.

### Extraordinary and Compelling Reasons

Mr. Peterson's health conditions place him at greater than average risk of serious illness or death from COVID-19 and justify a reduction in sentence. To find extraordinary and compelling circumstances, in the context of the COVID-19 pandemic, we must consider the defendant's specific risk of serious illness or death if infected with the virus and the danger that the defendant will contract the virus given the situation at his facility and in the larger community. United States v. Babbitt, No. CR 18-384, 2020 WL 6153608, at *5 (E.D. Pa. Oct. 21, 2020) (examining "the circumstances of the COVID-19

3

pandemic, the defendant's health conditions, the defendant's age and the risk of contracting COVID-19 at the defendant's facility"); see also Raia, 954 F.3d at 597 ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

Mr. Peterson is forty-nine years old and suffers from several health conditions that put him at increased risk of grave illness or death from COVID-19.  Mr. Peterson has obesity, asthma, and is at increased risk of diabetes, among other ailments.  Mr. Peterson is a former smoker and also has lung damage and resulting shortness of breath from a stabbing he sustained as a teenager.  According to the Centers for Disease Control and Prevention ("C.D.C."), obesity alone is sufficient to put a person at "increased risk of severe illness from the virus that causes COVID-19."  People with Certain Medical Conditions, C.D.C. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 29, 2020).  A history of smoking similarly puts Mr. Peterson at increased risk (as would type two diabetes should he develop it).  Id.  People with moderate-to-severe asthma also "might be at an increased risk for severe illness." Id.  The C.D.C. further instructs that "[t]he more underlying medical conditions someone has, the greater their risk is for

4

severe illness from COVID-19." Id.  The combination of risk factors here presents extraordinary and compelling circumstances because Mr. Peterson faces a dangerous possibility of serious illness or death from COVID-19.  See, e.g., United States v. Rodriguez, 451 F. Supp. 3d 392, 400-01 (E.D. Pa. 2020) ("the outbreak of COVID-19 and [defendant's] underlying medical conditions that place him at a high risk should he contract the disease—present 'extraordinary and compelling reasons' to reduce his sentence.").

Mr. Peterson faces an "actual, non-speculative risk of exposure to COVID-19" at FCI Cumberland.  United States v. Somerville, 463 F. Supp. 3d 585, 597 (W.D. Pa. 2020).  Tragically, 179 federal inmates have died due to the virus and 39,412 inmates have tested positive nationally, according to the B.O.P.  COVID-19 Cases, B.O.P. https://www.bop.gov/coronavirus/ (last updated Dec. 31, 2020).  This means that over twenty-eight percent of all federal inmates have tested positive for COVID-19.  Id.  At FCI Cumberland, four inmates and four staff currently have positive test results for COVID-19.  Id.  Even taking proper precautions, Mr. Peterson could contract COVID-19 while in custody.

Mr. Peterson's risk profile, the danger of infection at FCI Cumberland, and the rates of COVID-19 across the country together constitute extraordinary and compelling reasons under

18 U.S.C. § 3582(c)(1)(A)(i).

## **18 U.S.C. § 3553(a) Sentencing Factors**

The section 3553(a) factors do not outweigh these extraordinary and compelling circumstances. We cannot reduce Mr. Peterson's sentence if doing so would undermine the goals of sentencing, considering the section 3553(a) factors. United States v. Walls, No. 2:12-CR-00173, 2020 WL 6390597, at *11 (W.D. Pa. Nov. 2, 2020). In 2003, Mr. Peterson was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and sentenced to a 320-month term of imprisonment and a thirty-six-month term of supervised release, based on his status as an armed career criminal under 18 U.S.C. § 924(e) resulting from three prior convictions. Mr. Peterson has served about eighty percent of his sentence and his projected release date is November 29, 2026.

The commission of serious crimes does not foreclose the possibility of compassionate release when, as here, the term already served has achieved the purposes of sentencing. See Somerville, 463 F. Supp. 3d at 602. (noting that "almost *all* federal prisoners have committed serious crimes. If generalized (albeit legitimate) concerns about the dangers of guns and drugs were enough to bar to compassionate release, almost no one would be eligible."). Mr. Peterson has served a significant portion of his sentence and that time reflects the seriousness of his

offense.  Mr. Peterson has received sufficient punishment and his sentence, even if shortened, shows the necessary respect for the law, while also deterring similar criminal conduct.  Mr. Peterson has met the educational goals of his incarceration commendably earning his GED and participating in many educational programs, including drug education.  Mr. Peterson's demonstrated rehabilitation and remorse will serve to protect the public from any future crimes.  Because Mr. Peterson completed much of his sentence and due to the particulars of his circumstances, there is limited risk of unwarranted sentence disparities.

Given the potential harm that continued incarceration now poses in the COVID-19 pandemic, serving the remainder of Mr. Peterson's sentence is not necessary to comply with the purposes of sentencing.

### Danger to the Community

There is no recent indication that Mr. Peterson is a danger to the community.  We cannot grant compassionate release if a defendant is a danger to the safety of any other person or to the community, considering the 18 U.S.C. § 3142(g) factors.  United States v. Adeyemi, No. CR 06-124, 2020 WL 3642478, at *31 (E.D. Pa. July 6, 2020).  Since the time of his crime, Mr. Peterson has shown significant rehabilitation and no signs of danger to others.  In prison, Mr. Peterson has accumulated

numerous, remarkable educational and occupational achievements. He has had no disciplinary incidents.  Mr. Peterson intends to live with his fiancée upon release and has already explored attending trucking school or obtaining employment at a stadium. Mr. Peterson has the support of his three sisters as he transitions back into the community.  We conclude that Mr. Peterson is not a danger to public safety.

## Conclusion

We grant the motion under U.S.C. § 3582(c)(1)(A)(i) because extraordinary and compelling circumstances compel Mr. Peterson's release.  We have considered the 18 U.S.C. § 3553(a) factors and we find no danger to the community.  An Order follows.