# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | |
| SPENCER PETERSON | NO. 02-611 |

### MEMORANDUM

**Joyner, J.**                         **May 27, 2021**

Defendant Spencer Peterson seeks a reduction in his 320-month sentence under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, we deny the motion.

### Background

Mr. Peterson first filed a pro se motion for relief under 18 U.S.C. § 3582(c)(1)(A)(i) on March 30, 2020. (Mot. for Relief under 18 U.S.C. § 3582(c)(1)(A) Claiming "Extraordinary and Compelling Circumstances" under the Frist Step Act, Doc. No. 118.) The government responded in opposition on August 10, 2020. (Gov't's Resp. in Opp'n to Def.'s Mot. to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Doc. No. 120.) Mr. Peterson then requested from the Court both an extension of time to file a supplemental motion, which was granted, and the appointment of counsel, which was denied. (Court Order, Doc. No. 124.) Mr. Peterson submitted a pro se renewed motion and the government did not respond. (Resp. to Gov't's Mot. to

Denied My Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i), Doc. No. 125.)  On January 6, 2021, based on Mr. Peterson's stated health conditions that put him at increased risk of serious illness or death from COVID-19 and the substantial risk the virus then posed at FCI Cumberland, where Mr. Peterson was held, this Court found extraordinary and compelling circumstances and ordered Mr. Peterson's release from custody.  (Court Order, Doc. No. 127.)  The Court ruled that the 18 U.S.C. § 3553(a) sentencing factors weighed in favor of release and that Mr. Peterson was not a danger to the community.  (Id.)

    Fourteen days after the Court's decision, the government filed a Motion for Reconsideration.  (Mot. for Recons. of Order Granting Def.'s Mot. to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Doc. No. 130.)  The government asserted in that motion that "Peterson's factual assertions in support of relief, which were largely adopted by the Court, are factually inaccurate" because "Peterson was granted release on the basis of medical conditions he does not have."  (Id. at 1.)  The government alleged that Mr. Peterson "took steps in prison in an effort to create the appearance that he suffers from a qualifying medical condition" and that "Peterson falsely stated in his August 27, 2020, submission to this Court that he had an 'unblemished prison record.'"  (Id. at 1, 5.)  This Court

2

granted the Motion for Reconsideration and vacated the earlier order granting release. (Court Order, Doc. No. 131.) The parties submitted further briefing and on May 24, 2021 this Court held a hearing on the motion for compassionate release and heard arguments from the government and Mr. Peterson's counsel. Although the government initially accused Mr. Peterson of inaccurately describing his medical conditions in their Motion for Reconsideration, the parties now agree that Mr. Peterson suffers from hypertension, asthma, and prediabetes and that he is obese and a former smoker. (Mem. in Supp. of Mot. to Reduce Sentence, Doc. No. 137 at 5.)

## Discussion

To grant a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i): (1) all procedural requirements of the motion must be met; (2) extraordinary and compelling reasons must warrant the sentence reduction; (3) the reduction must be consistent with any applicable policy statements of the Sentencing Commission; and (4) the reduction must be consistent with the sentencing factors outlined in 18 U.S.C. § 3553(a). See United States v. Georgiou, No. CR 09-088, 2021 WL 1122630, at *11 (E.D. Pa. Mar. 23, 2021) (citing United States v. Brown, No. CR 13-176-05, 2020 WL 2615616, at *1 (E.D. Pa. May 22, 2020)).

Where, as here, the argument for extraordinary and compelling circumstances is based on risks associated with the COVID-19 pandemic courts must consider the defendant's individual and specific risks of serious illness or death from COVID-19 and the danger that the defendant will contract the virus at his facility. United States v. Babbitt, 496 F. Supp. 3d 903, 909 (E.D. Pa. 2020) (examining "the circumstances of the COVID-19 pandemic, the defendant's health conditions, the defendant's age and the risk of contracting COVID-19 at the defendant's facility"); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

Mr. Peterson, in light of the improved conditions in prisons and in the community, does not face a severe enough risk of illness or death to meet the statutorily required threshold of extraordinary and compelling circumstances. Mr. Peterson suffers from hypertension, asthma, and prediabetes and he is obese and a former smoker. (Mem. in Supp. of Mot. to Reduce Sentence, Doc. No. 137 at 5.) Although these conditions may be risk factors for serious illness or death from COVID-19, Mr. Peterson has now received the Johnson & Johnson COVID-19 vaccine. (Gov't's Suppl. Resp. in Opp'n To Def.'s Mot. to

Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Doc. No. 143 at 26.) Given the significant protection the vaccine offers and the declining rates of COVID-19 infections in prisons, we (like many other courts) do not find that Mr. Peterson has presented extraordinary and compelling circumstances at this time. See, e.g., United States v. Hannigan, No. CR 19-373, 2021 WL 1599707, at *5-6 (E.D. Pa. Apr. 22, 2021).

When we issued our January 6, 2021 order reducing Mr. Peterson's sentence, we had serious concerns about Mr. Peterson's risk of illness or death due to COVID-19 both because of his individual risk factors and the dire situation in prisons and in the nation. Now, however, Mr. Peterson faces a much smaller risk both because he is vaccinated, which reduces his chance of illness or death from the virus, and because infection rates are lower in prison facilities, which reduces his chance of exposure to the disease. Only one inmate at FDC Philadelphia has a confirmed active case of COVID-19 at the moment. COVID-19 Cases, B.O.P. https://www.bop.gov/coronavirus/ (last updated May 24, 2021). Unlike the situation in January, we cannot currently find that the conditions in prison, combined with the protection of a vaccine, justify a reduction in a validly imposed sentence.

Federal courts are constrained in our ability to reduce sentences. As the government argued here, we cannot modify a

5

sentence without a statutory reason for the change and the circumstances Mr. Peterson presents today do not reach the statutory standard needed for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). We may never have been confronted with making such a determination at this point in the course of the pandemic but for the failure of the government to adequately respond to Mr. Peterson's motion. We regret that the government did not more accurately and efficiently respond to Mr. Peterson's statement of health conditions and did not provide the Court with the appropriate facts to make a knowing, intelligent, and timely decision. As the facts stand now, however, we cannot reduce Mr. Peterson's sentence.

## **Conclusion**

We deny the motion under 18 U.S.C. § 3582(c)(1)(A)(i) for the reasons discussed. An Order follows.